**Wayne Allen SWINNEY and Phoebe G. Swinney, Debtors/Appellants,**

v.

**Felicia S. TURNER, U.S. Trustee, Appellee.**

**No. 4:03–CV–189–3(CDL).**

United States District Court, M.D. Georgia, Columbus Division.

May 13, 2004.

Fife Morris Whiteside, Columbus, GA, for Appellants.

K. Joy Webster, Mark W. Roadarmel, Macon, GA, Paul W. Bridenhagen, Washington, DC, for Appellee.

## ORDER

LAND, District Judge.

Debtors appeal the October 14, 2003 order of the bankruptcy court transferring their Chapter 7 bankruptcy case to the Middle District of Alabama. The ruling of the bankruptcy court is affirmed.[1]

## BACKGROUND

■ In deciding an appeal from a bankruptcy court, the district court sits as an appellate court, reviewing the bankruptcy court's findings of fact for clear error and its conclusions of law *de novo*. Fed. R. Bankr.P. 8013; *see also In re Thomas*, 883 F.2d 991, 994 (11th Cir.1989). The bankruptcy court's findings of fact are undisputed for purposes of this appeal. Therefore, the resolution of the appeal depends upon whether the bankruptcy court made proper conclusions of law. The Court's review is therefore *de novo*.

■ The undisputed facts are as follows. Debtors filed a joint petition under Chapter 7 of the Bankruptcy Code on July 10, 2003, in the bankruptcy court for the Middle District of Georgia, Columbus Division. Debtors acknowledged that they were residents of Phenix City, Alabama, which is located in the Middle District of Alabama, and even noted on the cover page of their petition that venue was improper in the Middle District of Georgia but was more convenient here. Debtors' Alabama residence is approximately five miles from the Middle District of Georgia bankruptcy court located in Columbus, Georgia. In contrast, the bankruptcy court for the Middle District of Alabama is located in Opelika, approximately thirty miles from their home. Debtors are employed in Columbus and have retained an attorney whose office is located in Columbus.

On October 14, 2003, the bankruptcy court granted the Trustee's motion to transfer this case to the Middle District of Alabama where venue is proper. The bankruptcy court rejected Debtors' argument that it had the authority to retain the case for the convenience of the parties or

---

1. Although the parties do not seriously contest this Court's jurisdiction over this appeal, it is not entirely clear that Debtors have the right to appeal this interlocutory order as a matter of right. The Court finds, however, that it has jurisdiction pursuant to 28 U.S.C. § 158(a)(3) which authorizes the appeal of interlocutory orders with leave of court. Moreover, since the order appealed from ends the case in this District, the Court finds that it is sufficiently final for appeal purposes. *See* 28 U.S.C. § 158(a)(1); *see also In re F.D.R. Hickory House, Inc.*, 60 F.3d 724, 727 (11th Cir.1995).

in the interest of justice. The bankruptcy court also found that even if it had the legal authority to retain the case, it would not do so because neither the convenience of the parties nor the interest of justice justified retaining the case in the Middle District of Georgia. Debtors have appealed this ruling, and this Court stayed the transfer pending a determination of Debtors' appeal.

## DISCUSSION

The issue presented on appeal appears to be one of first impression in this Circuit, having never been addressed by the Eleventh Circuit Court of Appeals. That issue is whether a bankruptcy court has the authority, in its discretion, to *retain* a case filed in an improper venue. The Court finds that the bankruptcy court has no such authority. Accordingly, the ruling of the bankruptcy court must be affirmed.

The following relevant provisions require this conclusion:

**28 U.S.C. § 1406(a), Cure or waiver of defects:**

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

**28 U.S.C. § 1408, Venue of cases under title 11:**

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person ... that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement ....

**28 U.S.C. § 1412, Change of venue:**

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. §§ 1406(a); 1408; 1412.

**Fed. R. Bankr.P. 1014(a)(2), Transfer of Cases:**

(a) Transfer of cases ....

(2) Cases filed in improper district. If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr.P. 1014(a)(2).

It is undisputed that venue is improper in the Middle District of Georgia under the applicable bankruptcy venue provision, 28 U.S.C. § 1408. Debtors do not reside in the Middle District of Georgia nor are their principal assets located here. *See* § 1408. Nevertheless, Debtors, relying upon a *forum non conveniens* argument, contend that a case may proceed in an otherwise improper venue for the convenience of the parties or in the interest of justice. Debtors correctly observe that Congress has provided for the *transfer* of a case to another district for the convenience of the parties or in the interest of justice. *See* 28 U.S.C. § 1412; Fed. R. Bankr.P. 1014(a)(2). However, no current statutory provision authorizes a court to *retain* a case in an improper venue for the convenience of the parties or in the inter-

est of justice.[2]

Notwithstanding this absence of statutory authority, some courts have concluded that a bankruptcy court, in its discretion, can *retain* a case for the convenience of the parties or in the interest of justice. *See, e.g., In re Capital Hotel Group, Inc.,* 206 B.R. 190 (Bankr.E.D.Mo.1997); *In re Lazaro,* 128 B.R. 168 (Bankr.W.D.Tex. 1991); *In re Leonard,* 55 B.R. 106 (Bankr. D.D.C.1985); *In re Boeckman,* 54 B.R. 110 (Bankr.D.S.D.1985). The majority view, however, appears to be that a bankruptcy court may *dismiss* a case filed in an improper venue or *transfer* it to a court where venue is proper but cannot exercise its discretion to *retain* a case in a venue that is improper. *See, e.g., In re Sorrells,* 218 B.R. 580 (10th Cir. BAP 1998); *In re Pannell,* 243 B.R. 23 (Bankr.S.D.Ohio 1999); *In re McDonald,* 219 B.R. 804 (Bankr.W.D.Tenn.1998); *In re Sporting Club at Ill. Ctr.,* 132 B.R. 792 (Bankr. N.D.Ga.1991).

This Court finds the majority view to be the better reasoned approach. The applicable statutes simply do not authorize a bankruptcy court to retain a case when venue is improper, even if retaining the case may be more convenient for the parties or in the interest of justice. Since the plain language of the applicable statutory authority makes this clear, it is unnecessary and inappropriate to look beyond the plain language of those provisions in an attempt to speculate at some contrary intent of Congress. *See Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The Court acknowledges that the present statutory scheme could lead to curious (and some may suggest unjust) results. For example, under the present law, this case could have been filed initially in the Middle District of Alabama, and that court could have transferred the case to the Middle District of Georgia pursuant to 28 U.S.C. § 1412 if it found the transfer to be for the convenience of the parties or in the interest of justice. Yet, the bankruptcy court for the Middle District of Georgia could not retain the case under the same rationale. Proffering the "it makes no sense argument," Debtors urge this Court to create a judge-made alternative venue rule. Pretermitting whether the present venue statutory scheme "makes sense," it is clear that fixing any perceived problem is a job for Congress and not the courts.[3]

---

**2.** Prior statutory law did expressly provide a bankruptcy court with the authority to retain a case for which venue was otherwise improper. Under former § 1477(a), entitled "Cure or waiver of defects,"

> The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.

28 U.S.C. § 1477(a) (repealed 1984); *see also* 28 U.S.C. § 1475 (repealed 1984) (providing a standard for transfers substantially identical to current § 1412). Section 1477 was re-

pealed as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984. Pub.L. 98–353, 98 Stat. 333 (1984). No comparable provision exists in the current version of the United States Code to allow a bankruptcy court to *retain* a case in which venue is improper.

**3.** Even if the Court accepted Debtors' argument and remanded the case to the bankruptcy court to exercise its discretion and decide whether the facts justified retaining the case, such remand would be a waste of judicial resources since the bankruptcy court made clear in its order that it would not have retained the case even if it had the discretion to do so. Moreover, this Court finds that it would not be an abuse of discretion for the

## CONCLUSION

The bankruptcy court's order dated October 14, 2003 transferring this case to the Middle District of Alabama is affirmed. Accordingly, the Court vacates its previous order staying the transfer and orders that the case be transferred to the Middle District of Alabama.

bankruptcy court to refuse to retain the case, assuming the exercise of such discretion were permitted under the law.