### In re Trent H. & Patricia A. MILES, Debtors.

### No. 04–42238 JTL.

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

Oct. 29, 2004.

Brace W. Luquire, Columbus, GA, for Debtors.

### *MEMORANDUM OPINION*

JOHN T. LANEY, III, Bankruptcy Judge.

On October 29, 2004, the court held a hearing on the United States Trustee's Motion to Dismiss or Transfer Venue. At the conclusion of the hearing, the court took the matter under advisement. After considering the parties' briefs and oral arguments, as well as applicable statutes, rules, and case law, the court makes the following findings of fact and conclusions of law.

### *PROCEDURAL HISTORY*

The Debtors filed a voluntary Chapter 13 petition in the Middle District of Georgia, Columbus Division on September 16, 2004. The Debtors listed their address in Phenix City, Alabama. The United States Trustee filed a Motion to Dismiss or

Transfer Venue on October 7, 2004. At the hearing on October 29, 2004, the Debtors presented three main arguments. First, the Debtors argued that the court should revisit its decision in *In re Swinney*, 300 B.R. 388 (Bankr.M.D.Ga.2003); *aff'd, Swinney v. Turner*, 309 B.R. 638 (M.D.Ga.2004); *dismissed as a nonfinal order, Swinney v. U.S. Trustee*, No. 04–12639–FF (11th Cir. Aug. 11, 2004). Second, the Debtors argued that the United States Trustee was not a party in interest with standing to file a motion to dismiss or transfer due to improper venue. Finally, the Debtors argued that the United States trustee program is unconstitutional because it does not apply in all fifty states and is therefore not a uniform law respecting bankruptcy. The constitutional issue was reserved and briefs were submitted regarding the issues of reconsideration of the *Swinney* decision and the United States Trustee's standing to bring the motion.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. WHETHER THE COURT SHOULD REVISIT THE *SWINNEY* DECISION

The Debtors first asked that the court revisit its decision in *Swinney* in light of a case subsequently decided by Judge Kennedy in the Western District of Tennessee, *In re Jordan*, 313 B.R. 242 (Bankr. W.D.Tenn.2004). This court has already addressed the issues raised in the *Jordan* case in the *Swinney* decision. Further, this court's decision in *Swinney* was affirmed by the District Court. The case was appealed to the Eleventh Circuit Court of Appeals and the appeal was dismissed because the order was deemed not to be a final order. This court has read and considered the *Jordan* decision, but is

not persuaded to change its position and will adhere to the previous decision in *Swinney*.

### II. WHETHER THE UNITED STATES TRUSTEE IS A PARTY IN INTEREST WITH STANDING TO DISMISS OR TRANSFER A CASE DUE TO IMPROPER VENUE

■ Next, the Debtors asked that the court consider whether the United States Trustee has standing to bring a motion to dismiss or transfer a case due to improper venue. This issue was not argued or addressed in the *Swinney* case.

The Debtors claim that the United States Trustee lacks standing under two main arguments. First, the Debtors argue that section 307 of the Code does not give the United States Trustee standing because § 307 is limited by duties enumerated under 28 U.S.C. § 586. Second, the Debtors argue that to be a party in interest under Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure, the United States Trustee must have a pecuniary interest in the matter and that only parties in interest may bring a Motion to Dismiss or Transfer Venue under that rule.

### A. Whether the United States Trustee's has standing under 11 U.S.C. § 307

■ Section 307 of the Code provides that the Trustee "may raise and may appear and be heard on any issue." 11 U.S.C. § 307. The Debtors argue that despite the broad language, § 307 does not give the United States Trustee standing because the authority is subject to those duties enumerated in 28 U.S.C. § 586.

There are three main problems with this conclusion: (a) it ignores the plain language of § 307, (b) it is not based on any

authority, (c) it ignores the Congressional intent of § 307.

First, it appears on the face of 11 U.S.C. § 307 that the United States Trustee has standing to bring such a motion because it states that the United States Trustee "may raise and may appear and be heard on any issue in any case or proceeding under this title but may not file a [Chapter 11] plan...." There is nothing in the Code or in any case law which limits the United States Trustee's ability to be heard under this provision.

The Debtors argue that the United States Trustee is limited by 28 U.S.C. § 586, which outlines the duties of the United States Trustee. The Debtors do not cite any authority for this proposition. Further, this argument is flawed because there is nothing in the Code which suggests that this list is exclusive. In addition, there are provisions in the Code which give the United States Trustee duties that are not specifically mentioned in § 586. *See* 11 U.S.C. § 707(b); 11 U.S.C. § 707(a)(3); 11 U.S.C. § 1112(b); 11 U.S.C. § 110(j).

Finally, the statements of Congress when adopting 11 U.S.C. § 307 indicate that it was not meant to be limited to those duties found in 28 U.S.C. § 586.

> The U.S. Trustee is given standing to raise, appear, and be heard on any issue in any case or proceeding under title 11, U.S.Code—except that the U.S. Trustee may not file a plan in a chapter 11 case. In this manner, the U.S. Trustee is given the same right to be heard as a party in interest, but retains the discretion to decide when a matter of concern to the proper administration of the bankruptcy laws should be raised.

H.R. REP. No. 99–764, at 27 (1986), *reprinted in* 1986 U.S.C.C.A.N. 5227, 5240.

The court does not find the Debtors' argument under 11 U.S.C. § 307 to be persuasive due to the plain language of the statute, the lack of authority to limit to the United States Trustee to those duties listed in 28 U.S.C. § 586, and the legislative history to the contrary of such a limitation.

B. *Whether the United States Trustee's has standing under Federal Bankruptcy Rule of Procedure 1014*

The Debtors argue that under Rule 1014, which governs a motion to dismiss for improper venue, the United States Trustee lacks standing. Rule 1014(a)(2) of the Federal Rules of Bankruptcy Procedure provides that:

> [when] a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed.R.Bankr.P. 1014(a).

The Debtors argument is that the United States Trustee is not a party in interest, and therefore lacks standing to bring such a motion. The court has already addressed the legislative history that indicates that Congress intended the United States Trustee to be the equivalent of a party in interest, but retain discretion to raise issues. *See supra* p. 850.

In addition, the Debtors' argument is problematic because Fed. R. Bankr.P. 1014(a)(2) requires that the United States Trustee is served with notice of a hearing to consider a motion to dismiss or transfer venue. The Debtor fails to address why notice upon the United States Trustee would be required if the United States Trustee was precluded from raising venue issues.

When combined with the earlier discussion of 11 U.S.C. § 307, the requirement of service upon the United States Trustee leads to the conclusion that issues of venue are within the United States Trustees responsibilities.

### III. WHETHER THE UNITED STATES TRUSTEE PROGRAM IS UNCONSTITUTIONAL

The court did not ask for this issue to be briefed initially. Having now decided that the United States Trustee does have standing, if the Debtors wish to be heard on this issue they are to file a brief within thirty (30) days. The United States Trustee will have twenty (20) days to respond.

### CONCLUSION

The court finds that the United States Trustee has standing to bring a motion to dismiss or transfer due to improper venue. The parties are to submit briefs regarding the constitutionality of the United States Trustee Program within the times allotted.