In re Sammy **BRAZZLE**, Debtor.

No. 05–10113.

United States Bankruptcy Court,
W.D. Tennessee,
Eastern Division.

March 2, 2005.

Timothy B. Latimer, Jackson, TN, for Debtor.

Timothy H. Ivy, Jackson, TN, for Trustee.

J. Steven Wilkes, Memphis, TN, for US Trustee.

**MEMORANDUM OPINION AND ORDER GRANTING THE UNITED STATES TRUSTEE'S MOTION TO CHANGE VENUE OR ALTERNATIVELY TO DISMISS CASE**

G. HARVEY BOSWELL, Bankruptcy Judge.

The Court conducted a hearing on the United States Trustee's Motion to Change Venue or Alternatively to Dismiss case on January 27, 2005. FED. R. BANKR.P. 9014. Resolution of this matter is a core proceeding. 28 U.S.C. § 157(b)(2). The Court has reviewed the testimony from the hearing and the record as a whole. This Memorandum Opinion and Order shall serve as the Court's findings of facts and conclusions of law. FED. R. BANKR.P. 7052.

## I. FINDINGS OF FACT

The facts in this case are uncontested. The debtor in this case, Sammy Brazzle, ("debtor"), filed his chapter 13 petition on January 7, 2005. The debtor listed his address as 37 Boiling Rd., Ardmore, Tennessee, and his county of residence as Giles. According to the information provided by the debtor's attorney at the hearing in this matter, Brazzle moved to Ardmore on October 4, 2004. Giles County is within the jurisdictional boundaries of the Middle District of Tennessee. 28 U.S.C. § 123(b)(3).

Despite having moved to Ardmore three months and four days prior to filing his bankruptcy case, Brazzle indicated on his petition that he had resided in the Western District of Tennessee for the majority of the 180 days "immediately preceding the date of" his petition. Brazzle also indicated on his Statement of Financial Affairs that he had not moved within the two years immediately preceding the filing of his case.

The United States Trustee filed a "Motion to Change Venue or Alternatively to Dismiss Case" on January 10, 2005. The Trustee alleges that because Brazzle had not lived in the Western District of Tennessee for the majority of the 180 day period preceding the filing of his case, venue is improper in this District. The Trustee asserts that the proper venue for Brazzle's case is the Middle District of Tennessee.

At the hearing in this matter, the debtor's attorney stated that Brazzle chose to file in the Western District of Tennessee as opposed to the Middle District because he had filed a previous chapter 13 case in this district in 2002, case number 02–12663. Brazzle's intention in re-filing in the Western District was to continue paying the creditors who had been paid in his previous case. Case number 02–12663 was dismissed on September 8, 2004, for non-payment. Allegedly, Brazzle has not incurred any new debts since the dismissal of his previous case.

Brazzle listed four secured creditors on schedule D of his petition: (1) Case Credit Corporation with an address of Lancaster, Pennsylvania, for $2,000.00; (2) Deere and Company with an address of Johnston, Iowa, for $1,000.00; (3) Discover c/o John Richardson, Attorney, in Clarksville, Tennessee, for $1,000.00; and Personal Finance in Waverly, Tennessee, for $300.00. Brazzle also listed Deere and Company in Johnston, Iowa, on his schedule E with a

claim of $3,000.00. Brazzle listed nine unsecured creditors on his schedule F. Six of these creditors have Tennessee addresses. One is in Paris, Tennessee, which is in the Western District of Tennessee. The others are in McEwen, Tennessee, Waverly, Tennessee, and Nashville, Tennessee, which are all in the Middle District of Tennessee. Ardmore, Tennessee, is 212 miles from Jackson, Tennessee. According to the debtor's schedule I, he works in Huntsville, Alabama.

## II. CONCLUSIONS OF LAW

■ The venue statute for bankruptcy cases is set forth at 28 U.S.C. § 1408. That section states that:

> Except as provided in section 1410 of this title,[1] a case under title 11 may be commenced in the district court for the district—
>
> (1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for the longer portion of such one-hundred-and-eight day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, or such person were located in any other district; or
>
> (2) in which there is pending a case under title 11 concerning such per-

son's affiliate, general partner, or partnership.

28 U.S.C. § 1408.[2] Section 1412 of title 28 further provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. The party seeking a case dismissal or change of venue has the burden of proof and must carry that burden by a preponderance of the evidence. *In re Jordan*, 313 B.R. 242, 264 (Bankr.W.D.Tenn. 2004).

■ The three other bankruptcy judges for the Western District of Tennessee have had occasion to issue a decision on their interpretation of §§ 1408 and 1412. Judges Latta and Brown have held that a bankruptcy court does not have the discretion to retain a case in which venue is improper under 28 U.S.C. § 1408. *In re McDonald*, 219 B.R. 804 (Bankr. W.D.Tenn.1998); *In re Ross*, 312 B.R. 879 (Bankr.W.D.Tenn.2004); and *In re Berryhill*, 182 B.R. 29 (Bankr.W.D.Tenn.1995). According to their opinions, a bankruptcy court must transfer or dismiss a case if it finds that venue is not appropriate. *McDonald*, 219 B.R. at 805; *Ross*, 312 B.R. at 889; *Berryhill*, 182 B.R. at 31.

■ In opposition to the decisions issued by Judges Latta and Brown, Judge Kennedy has held that:

> upon a determination of improper case venue, a court, in its sound discretion, pursuant to its inherent or implicit authority, may (1) transfer the case to

---

**1.** The exception is not applicable in this case.

**2.** Pursuant to 28 U.S.C. §§ 151 and 157, bankruptcy courts are "units" of the district courts to which bankruptcy matters may be referred. Currently, all district courts have entered standing orders referring all bankruptcy cases in their districts to bankruptcy

courts. Hon. G. Harvey Boswell and Abigail Gerlach, *Coming and Going: The Revolving Jurisdictional Door of the Bankruptcy Court*, 28 U. Mem. L.Rev. 885, 888–889 (1998). As a result, the statutory reference to "district court" in 28 U.S.C. § 1408 applies to the bankruptcy court.

another district, (2) dismiss a case "for cause" under section 707(a), 1112(b) or 1307(b), or (3) under proper facts and circumstances retain the case for the "convenience of the parties" or "the interest of justice."

*Jordan,* 313 B.R. at 263. Judge Kennedy further held that motions to dismiss or to transfer venue:

> should be dealt with on a case-by-case basis utilizing sound judicial discretion after considering a totality of the particular facts and circumstances of each particular case before the case is (1) dismissed, (2) transferred to another district, (3) or retained.

*Id.* In making this decision, Judge Kennedy conducted an extremely thorough analysis of the current Bankruptcy Code and its predecessors and found that:

> [T]here is no express *statutory* provision under title 28 for the court to dismiss or retain an improperly venued case upon a timely motion being filed to contest technically improper venue. Only Rule 1014(a) and its Advisory Committee note address case dismissal or retention in such a venue context. Likewise, there is no express *statutory* provision foreclosing or prohibiting the court from utilizing its inherent or implicit authority in proper circumstances from retaining an improperly venued case "for the convenience of the parties" or "in the interest of justice." There does not appear to be any indication in the scant legislative history underlying the 1984 restructuring and related amendments which would dictate a result contrary to the court's inherent or implicit authority to retain this case (or like cases) "for the convenience of the parties" or "in the interest of justice" even upon the filing of a timely motion contesting venue. *See* generally, *for example, In re United States Aviex Co., Inc.* 96 B.R. 874

(N.D.Ind.1989); *accord, In re Boeckman,* 54 B.R. 110 (Bankr.D.S.D.1985) citing 1 Collier on Bankruptcy, ¶ 4.03 (15th ed).

*Id.* at 262. According to the parameters set forth by Judge Kennedy in *Jordan,* a court faced with deciding whether to transfer, dismiss, or retain an improperly venued case should consider the following factors:

> (1) The proximity of creditors of every kind to the court; (2) the proximity of the debtor to the court; (3) the proximity of the witnesses necessary to the administration of the estate; (4) the location of the assets; (5) the economic administration of the estate; and (6) the necessity of ancillary administration.

*Id.* at 266. This Court agrees with the reasoning and conclusion of Judge Kennedy and hereby adopts it as its own.

In reaching this conclusion, the Court relied heavily on the legislative history Judge R. Thomas Stinnett set forth in his unpublished decision in the case of *In re Daniel Brian Thornburg and Danah Darlene Thornburg,* Case No. 96–10049, October 13, 1996:

> Before 1984 there were two statutes that dealt with change of venue of bankruptcy cases. The change of venue statute applied to cases pending in the right venue. 28 U.S.C. § 1475 (1979); *Pereira v. New Jersey Bank (In re Rodriguez),* 29 B.R. 896, footnote 3 at 899 (Bankr.E.D.N.Y.1983). The cure or waiver statute applied to cases pending in the wrong venue. 28 U.S.C. § 1477 (1979); *McLean v. First National Bank (In re Neese),* 12 B.R. 968 (Bankr. W.D.Va.1981). The cure or waiver statute expressly allowed the court to retain a bankruptcy case in the wrong venue in the interest of justice and for the convenience of the parties.

The 1984 amendments to Title 28 repealed and did not replace the cure or waiver statute that expressly dealt with bankruptcy cases. Pub.L. No. 98–353 § 113 (1984); Pub.L. No. 95–598 §§ 402(b) & 241 (1978). This has led many courts to decide that they no longer have the authority to retain a bankruptcy case in the wrong venue. *See, e.g., In re Deabel, Inc.,* 193 B.R. 739, 742 (Bankr.E.D.Pa.1996); *In re Sporting Club at Illinois Center,* 132 B.R. 792 (Bankr.N.D.Ga.1991); *In re Petrie,* 142 B.R. 404 (Bankr.D.Nev.1992); *In re Standard Tank Cleaning Corp.,* 133 B.R. 562 (Bankr.E.D.N.Y.1991); *In re Pick,* 95 B.R. 712 (Bankr.D.S.D.1989); *In re Berryhill,* 182 B.R. 29 (Bankr. W.D.Tenn.1995).

A few sentences of legislative history suggest that the cure or waiver statute for bankruptcy cases was repealed so that the cure or waiver statute for civil cases, 28 U.S.C. § 1406, would apply. ... Certain other sections of the 1978 Act have been deleted entirely. These include ... section 1477 dealing with cure of waiver or defects ...
Sections 1476, 1477, and 1479 of the 1978 act were repetitive of other provisions of Federal law....

S.Rep. No. 55, 98th Cong., 1st Sess. 19–20 (1983).

Compared to the cure or waiver statute for bankruptcy cases, § 1406 greatly restricts the court's options as to venue. The cure or waiver statute allowed the court to retain a case in the wrong venue or transfer it to any other district in the interest of justice and for the convenience of the parties. 28 U.S.C. § 1477 (1979). Section 1406 allows the court to retain a case in the wrong venue only if the objection to venue has been waived. It allows transfer only to a court where venue will be correct.

Section 1406 adds the option of dismissal instead of transfer; the repealed cure or waiver statute did not allow dismissal of a bankruptcy case solely on the ground of incorrect venue. 28 U.S.C. 1406; *Griggs v. Kirk (In re Griggs),* 679 F.2d 855 (11th cir.1982); *Herman Cantor Corp. v. Cattle King Packing Co. (In re Herman Cantor Corp.),* 22 B.R. 604 (Bankr.E.D.Va.1982).

Thus, the 1984 amendments made a major change in the law if they made § 1406 apply to bankruptcy cases. This is especially true with regard to the court's authority to retain a bankruptcy case in the wrong venue. The repealed cure or waiver statute for bankruptcy cases only took effect in 1979. Pub.L. No. 95–598 §§ 402(b) & 241 (1978). The courts had the authority since 1952 to retain a bankruptcy case in the wrong venue if retention was justified by the interest of justice. 2A James W. Moore, et al., *Collier on Bankruptcy* ¶ 32.01[1] at pp. 1313–1314 (14th ed.1978).

The quoted legislative history can be interpreted to reach a different result. Before the 1984 amendments, the court's options in a bankruptcy case were the same for cases in the right venue and cases in the wrong venue. The court could retain the bankruptcy case or transfer it to any other court in the interest of justice and for the convenience of the parties. 28 U.S.C. § 1475 (1979); 28 U.S.C. § 1477 (1979); *In re E & S Dairy, Inc.,* 40 B.R. 854, 858 (Bankr.N.D.Ala.1984); *In re Landmark Capital Co.,* 19 B.R. 342 (Bankr. S.D.N.Y.1982). This system made cure and waiver basically meaningless in bankruptcy cases. Waiver was required for the district court to retain a civil case in the wrong venue but was not required for the court to retain a bankruptcy case in the wrong venue; the

court could retain a bankruptcy case in the interest of justice and for the convenience of the parties. In a civil case, the district court could cure the problem of incorrect venue by dismissing the case or transferring it to the correct venue. Neither of these options was required in a bankruptcy case. The court could retain the case in the wrong venue or transfer it to any other court in the interest of justice and for the convenience of the parties. Dismissal was not allowed. In summary, the cure or waiver statute for bankruptcy cases basically repeated the rules laid down by the change of venue statute for bankruptcy cases. The cure or waiver statute could have been deleted, and the change of venue statute left to deal with cases in the right venue and the wrong venue.

The quoted legislative history makes more sense if this is what Congress did: it deleted the cure or waiver statute for bankruptcy cases as repetitive of the change of venue statute for bankruptcy cases. The cure or waiver statute for bankruptcy cases certainly was not repetitive of § 1406 as suggested by the quotation from the legislative history. The two statutes established very different rules for civil cases and bankruptcy cases. The differences were too obvious for anyone to think that the cure or waiver statute for bankruptcy cases merely repeated for bankruptcy cases the rules of § 1406 for civil cases.

An argument can be made that § 1406 should apply because it is the more specialized statute. Section 1406 is a general statute for all kinds of civil cases, but it is limited to cases pending in the wrong venue. Does this limitation make it more specialized than the change of venue statute specifically for bankruptcy cases? The court thinks not. The conclusion that § 1406 is more specialized

depends on an unstated assumption: there must be separate statutory provisions to deal with change of venue—one for cases pending in the right venue and another for cases pending in the wrong venue.

This assumption has a relatively short history to support it. In 1948 Congress enacted a change of venue statute and a cure or waiver statute for civil cases. 15 Charles A. Wright, et al., *Federal Practice and Procedure 2d,* §§ 3827 & 3841 (1986). In 1978 Congress enacted a change of venue statute and a cure or waiver statute for bankruptcy cases. Pub.L. No. 95–598 § 241 (1978). To the extent the legislative history of the 1984 amendments suggests that § 1406 applies to bankruptcy cases, it also suggests that Congress was acting on this assumption. The legislative history, however, is unclear.

The sentences quoted earlier came immediately after a paragraph suggesting that Congress did not intend to make any major change in the law:

... In keeping with its policy of generally preserving the structure and substance of the 1978 Act, the Committee makes very few changes in current venue provisions. Sections 1472, 1473, 1474, and 1475 are virtually identical to corresponding sections of the 1978 Act, with the exception of providing for venue in the district courts rather than in the bankruptcy courts. It should also be noted that section 1475 regarding change of venue has been slightly modified to provide for such a change "in the interest of justice or for the convenience of the parties." Present law uses the conjunctive "and," while the Committee bill lists these considerations as alternative grounds for a change of venue. It is the view of this Committee that, in light of the broad in personam jurisdic-

tion which Federal courts possess in the bankruptcy area, largely as a result of the 1978 Act, district courts should always give careful consideration to the convenience of the parties in determining whether a change of venue is desirable.

S.Rep. No. 55, 98th Cong., 1st Sess. 19–20 (1983).

Another statement in the legislative history does not reveal any intent to make a major change in the law: "The Senate substitute also contains another provision originally in S. 1013 which pertains to change of venue. It would allow a district court to transfer a case or proceeding in the interest of justice or for the convenience of the parties." 130 Cong. Rec. D684 (daily ed. May 21, 1984).

In summary, the court has not found convincing evidence that Congress, when it passed the 1984 amendments, was acting on the assumption that there must be separate statutory provisions for bankruptcy cases in the right venue and for bankruptcy cases in the wrong venue. Therefore, the court will not impose such a limitation on Congress. Congress may have left one statute, the change of venue statute for bankruptcy cases, to deal with cases pending in the right venue and the wrong venue.

This result has much to recommend it. It leaves the law essentially the same as it was before the 1984 amendments. The change of venue statute says the court may transfer a bankruptcy case in the interest of justice or for the convenience of the parties. 28 U.S.C. § 1412. The use of "may" gives the court the power to retain a case despite incorrect venue. The same wording was used in § 32(b) of the prior bankruptcy law; it was interpreted to allow the court to retain a case in the wrong venue in the interest of justice. 11 U.S.C. § 55(b) (1978); *Bass v. Hutchins,* 417 F.2d 692 (5th Cir.1969); *In re Bankers Trust,* 403 F.2d 16 (7th Cir.1968); *In re S.O.S. Sheet Metal Co.,* 297 F.2d 32 (2d Cir. 1961) (per curiam) aff'g *In re Hudik–Ross Co.,* 198 F.Supp. 695 (S.D.N.Y. 1961); *In re Eatherton,* 271 F.2d 199 (8th Cir.1959); 2A James W. Moore, et al., *Collier on Bankruptcy,* ¶ 32.01[1] (14th ed.1988). Congress at one time considered using "may" in § 1406 for the same purpose. 1 James W. Moore, *Moore's Federal Practice 2d* ¶ 0.146[4] (1988). Thus, the change of venue statute gives the court the same options as before the 1984 amendments. The court can retain the case, or transfer it to any other district, whichever option is in the interest of justice or for the convenience of the parties.

Of course, it is possible that Congress intended to make § 1406 apply to bankruptcy cases because it mistakenly thought the law would be essentially the same. Or, the drafters of the 1984 amendments wanted to make bankruptcy cases subject to the stricter rules of § 1406 but did not make a plain statement that this would be a major change in the law. In either case, the court can say that Congress did not intend a major change in the law.

In light of the unclear legislative history, the court sees no need to find that Congress made a major change in the law. The statutes now in effect lead to the conclusion that Congress made no substantial change in the law. *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); *Fourco Glass Co. v. Transmirra Products Corp.,* 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786 (1957); *United Savings Association v. Timbers of Inwood Forest Associates, Ltd.,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740

(1988); *Kelly v. Robinson,* 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). The wording of the change of venue statute for bankruptcy cases does not limit it to cases in the right venue; it can also apply to cases in the wrong venue. There is no longer a separate statute that deals specifically with bankruptcy cases pending in the wrong venue. As a result, logic no longer requires the court to hold that the change of venue statute applies only to bankruptcy cases pending in the right venue. The court has found no convincing reasons— no rules of statutory construction and no clear statement of Congressional intent—for preferring § 1406 over the change of venue statute for bankruptcy cases. The court concludes that the change of venue statute for bankruptcy cases applies. It allows the court to retain a case in the interest of justice or for the convenience of the parties. *In re Lazaro,* 128 B.R. 168 (Bankr.W.D.Tex. 1991).

Bankruptcy Rules 1014(a)(1) and (a)(2) are identical except that (a)(2) allows the court the option of dismissing the case. Neither expressly states that the case be retained, but the option to retain is necessarily implied in two identical sentences. FED. R. BANKR.P. 1014(a)(2); 28 U.S.C. § 2075; 28 U.S.C. § 1412.

Based on Judge Kennedy's decision in the *Jordan* case and Judge Stinnett's analysis of the legislative history of the venue statutes in bankruptcy, this Court concludes that it may retain an improperly venued case if the totality of the facts and circumstances of the case demonstrate that retention is in the interest of justice or for the convenience of the parties. In the case at bar, it is undisputed that there is no basis for venue in the Western District of Tennessee. The debtor does not reside in the Western District nor does he work here. The debtor has resided in Ardmore, Tennessee, for approximately ninety-four days which is the majority of the one-hundred-and-eighty day pre-petition period. Brazzle did not allege that he has any assets in the Western District of Tennessee.

■ Because it is clear that venue is not appropriate in the Western District of Tennessee, the Court must now use its discretion to decide if it should retain the case or transfer it to the proper district. Brazzle has asked the Court to retain venue so that he can continue paying the creditors who had been receiving disbursements in his previous case, case no. 02–12663. That case was dismissed on September 8, 2004, and this new case was filed on January 7, 2005. Neither the debtor nor the debtor's attorney offered any proof or statement as to why the debtor chose to wait three months to file a new case. If it were truly the debtor's intention to continue paying the creditors who were receiving disbursements under the previous case, the Court wonders why the debtor did not either file a motion to set the September 8, 2004, dismissal aside or file a new case within a shorter period of time.

Looking to the factors enumerated by Judge Kennedy in the *Jordan* case, the Court finds that it is appropriate to transfer this case to the Middle District of Tennessee. Only two of the debtor's secured creditors are in Tennessee and only one of these creditors is in the Western District of Tennessee. The other, "Discover c/o John Richardson" is in the Middle District of Tennessee. Five of Brazzle's nine unsecured creditors are within the Middle District of Tennessee. Only one of his unsecured creditors is in the Western District. Clearly, the proximity of Brazzle's creditors to the Middle District is greater than the Western District.

In addition to the proximity of Brazzle's creditors to the Middle District, the Court also finds that the Debtor's proximity to the Middle District of Tennessee weighs in favor of transferring the case. Ardmore, Tennessee, is two-hundred-and-twelve miles from Jackson, Tennessee. Giles county, in which Ardmore is situated, falls within the Columbia Division of the Middle District of Tennessee. 28 U.S.C. § 123(b)(3). Ardmore is only fifty-one miles from Columbia. The Court cannot fathom how having to make a two-hundred-and-twelve mile drive for any case related hearings will be more convenient for the debtor than driving the fifty-one miles to Columbia, Tennessee, especially considering the fact that the debtor works in Huntsville, Alabama. In the *Jordan* case, Judge Kennedy found that it would be more convenient for the debtor to come to court in Memphis because his residence in Southaven, Mississippi, was closer to the Western District of Tennessee than it was to either of the court locations for the Northern District of Mississippi. That is clearly not the situation in the case at bar.

In light of the proximity of both the debtor and his creditors to the Middle District of Tennessee and without any substantial proof by the debtor that retention is in the interest of justice or for the convenience of the parties, the Court finds that transfer of this case to the Middle District of Tennessee is appropriate. An order granting the U.S. Trustee's motion will be entered. The Clerk's office for the Western District of Tennessee will be instructed to transfer the case.

### III. ORDER

It is therefore **ORDERED** that the United States Trustee's Motion to Transfer Venue or Alternatively to Dismiss Case is **GRANTED**.

It is further **ORDERED** that Case Number 05–10113 shall be **TRANSFERRED** to the United States Bankruptcy Court for the Middle District of Tennessee.