*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0445p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

REUBEN WALTER THOMPSON and PATRICIA J. THOMPSON (06-6430); and LEONARD W. JORDAN (06-6519),

> *Petitioners-Appellants,*

*v.*

MADALYN S. GREENWOOD, et al.,

> *Respondents-Appellees.*

Nos. 06-6430/6519

---

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
Nos. 04-02765; 04-02766; 04-02979—
Bernice B. Donald, District Judge.

Argued: September 10, 2007

Decided and Filed: November 8, 2007

Before: BOGGS, Chief Judge; and MARTIN and SUTTON, Circuit Judges.

---

**COUNSEL**

---

**ARGUED:** Holly W. Schumpert, LAW OFFICE OF HOLLY W. SCHUMPERT, Memphis, Tennessee, for Appellants. Kelsi Brown Corkran, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** Holly W. Schumpert, LAW OFFICE OF HOLLY W. SCHUMPERT, Memphis, Tennessee, Steven F. Bilsky, Memphis, Tennessee, for Appellants. Jonathan H. Levy, William Kanter, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

---

**OPINION**

---

BOGGS, Chief Judge. This consolidated appeal arises from a Title 11 bankruptcy action brought on behalf of two sets of debtors, all of whom are residents of the Northern District of Mississippi, who filed their actions in the Western District of Tennessee (Memphis Division) for reasons of convenience. The United States Trustee's Office for the Northern District of Mississippi moved to transfer the cases. This case presents a single issue on appeal: whether a bankruptcy court may retain a case filed in an improper venue under 28 U.S.C. § 1408 over a timely objection by an interested party, if it determines that retention is in the interests of justice or for the convenience of

1

the parties. The district court answered that question in the negative and ordered the cases transferred to the Northern District of Mississippi. We affirm.

I

Debtors Reuben and Patricia Thompson and Leonard Jordan ("the debtors"), all of whom reside in the Northern Mississippi suburbs of Memphis, filed voluntary petitions for bankruptcy in the United States Bankruptcy Court for the Western District of Tennessee in June 2004. In both cases, the United States Trustee in the Northern District of Mississippi filed motions to dismiss or transfer on the ground that venue was lacking because the debtors did not reside in the district, as required by 28 U.S.C. § 1408. Although the debtors conceded, both then and now, that venue in Tennessee was "technically improper," Appellants' Br. at 9, they maintained that, both as a matter of statutory construction and for equitable reasons, the bankruptcy judges had inherent authority to retain the cases in the interest of justice or for the convenience of the parties. The Trustee argued that a proper interpretation of the applicable venue statutes left the judge with no discretion to retain the cases, and that the court was required either to dismiss or transfer the cases under the plain language of 28 U.S.C. § 1406.

The decisions of the bankruptcy judges in the two cases were contradictory. In the case of Mr. Jordan, Chief Bankruptcy Judge David S. Kennedy agreed with the debtor's position, holding that "the court, in its discretion, pursuant to its inherent or implicit authority, . . . may retain 'cases' filed in an improper district 'for the convenience of the parties' or 'in the interest of justice' even if a timely motion is filed to contest venue . . . ." *In re Jordan*, 313 B.R. 242, 264 (Bankr. W.D. Tenn. 2004). In contrast, in the case of the Thompsons, Bankruptcy Judge Jennie D. Latta, relying on the reasoning of her prior decision in *In re McDonald*, 219 B.R. 804 (Bankr. W.D. Tenn. 1998), found that venue was not proper in the Western District of Tennessee and ordered the case transferred to Mississippi. Both cases were appealed to the District Court for the Western District of Tennessee, which thoroughly analyzed the applicable venue statutes and determined that the Trustee's position was "the most coherent reading of the statute as a whole in conformity with accepted norms of statutory construction." *In re MacDonald*, 356 B.R. 416, 428 (W.D. Tenn. 2006). The court therefore affirmed Judge Latta's ruling in *In re Thompson* and reversed Chief Judge Kennedy's ruling in *In re Jordan*. *Id.* at 429. The debtors then appealed to this court.

This issue has divided the lower courts, with a decided majority siding with the Trustee's interpretation. *See, e.g.*, *U.S. Trustee v. Sorrells* (*In re Sorrells*), 218 B.R. 580 (B.A.P. 10th Cir. 1998); *Swinney v. Turner*, 309 B.R. 638 (M.D. Ga. 2004); *Peachtree Lane Assocs. v. Granader* (*In re Peachtree Lane Assocs.*), 188 B.R. 815 (N.D. Ill. 1995); *Micci v. Bank of New Haven* (*In re Micci*), 188 B.R. 697 (S.D. Fla. 1995); *EDP Med. Computer Sys. v. United States* (*In re EDP Med. Computer Sys.*), 178 B.R. 57 (M.D. Pa. 1995); *In re Great Lakes Hotel Assocs.*, 154 B.R. 667 (E.D. Va. 1992); *ICMR, Inc. v. Tri-City Foods*, 100 B.R. 51 (D. Kan. 1989); *In re Ross*, 312 B.R. 879 (Bankr. W.D. Tenn. 2004) (Judge William H. Brown); *In re Pannell*, 243 B.R. 23 (Bankr. S.D. Ohio 1999); *In re McDonald*, 219 B.R. at 806 (Judge Jennie D. Latta); *In re Columbia Western, Inc.*, 183 B.R. 660 (Bankr. D. Mass. 1995); *In re Petrie*, 142 B.R. 404 (Bankr. D. Nev. 1992); *In re Sporting Club at Ill. Ctr.*, 132 B.R. 792 (Bankr. N.D. Ga. 1991); *In re Pick*, 95 B.R. 712 (Bankr. D.S.D. 1989); *In re Townsend*, 84 B.R. 764 (Bankr. N.D. Fla. 1988). A minority of courts, however, favors the debtors' interpretation. *See, e.g.*, *U.S. Aviex Co. v. Aviex Int'l, Inc.* (*In re U.S. Aviex Co.*), 96 B.R. 874 (N.D. Ind. 1989); *In re Brazzle*, 321 B.R. 893 (Bankr. W.D. Tenn. 2005) (Judge G. Harvey Boswell); *In re Jordan*, 313 B.R. at 264 (Chief Judge David S. Kennedy); *In re Capital Hotel Group*, 206 B.R. 190 (Bankr. E.D. Mo. 1997); *In re Lazaro*, 128 B.R. 168 (Bankr. W.D. Tex.

1991).[1] No other circuit court of appeals appears to have addressed this issue. We agree with the majority interpretation for the reasons that follow, and adopt it as the rule in this circuit. We therefore affirm.

## II

"In a case which comes to us from bankruptcy court by way of an appeal from a decision of a district court, we review directly the decision of the bankruptcy court." *Brady-Morris v. Schilling* (*In re Kenneth Allen Knight Trust*), 303 F.3d 671, 676 (6th Cir. 2002). "[W]e apply the clearly erroneous standard to the bankruptcy court's findings of fact, and we review de novo the bankruptcy court's conclusions of law." *Ibid.* In the present case, the facts are undisputed and the question is purely one of the proper interpretation of the applicable venue statutes.

## A

As this court has recognized, a fundamental canon of statutory construction is that "when interpreting statutes, the language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear." *United States v. Boucha*, 236 F.3d 768, 774 (6th Cir. 2001) (internal quotation omitted). Venue in a Title 11 case is governed by 28 U.S.C. § 1408, which reads, in pertinent part:

> [A] case under title 11 may be commenced in the district court for the district . . . in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement . . . .

28 U.S.C. § 1408 (2006). Under this standard, the debtors concede that venue is not proper in the Western District of Tennessee, or, at least, not "technically" proper. Appellants' Br. at 9. Improperly venued cases are governed by 28 U.S.C. § 1406, which is headed "Cure or waiver of defects" and instructs:

> (a)  The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

> (b)  Nothing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to venue.

28 U.S.C. § 1406(a)-(b) (2006). Although this section does not specifically mention Title 11 bankruptcy cases, its broad language plainly encompasses all improperly venued cases of whatever variety. Presumably, since bankruptcy judges "constitute a unit of the district court," 28 U.S.C.

---

[1]There are also a number of pre-1987 cases supporting the debtors' view. *See, e.g.*, *In re Baltimore Food Sys.*, 71 B.R. 795 (Bankr. D.S.C. 1986); *In re Boeckman*, 54 B.R. 110 (Bankr. D.S.D. 1985); *In re Leonard*, 55 B.R. 106 (Bankr. D.D.C. 1985); *see also In re Jordan*, 313 B.R. at 261 (citing these cases in support of the minority position). These older authorities are less persuasive because, as will be explained *infra*, they were all decided prior to the 1987 Advisory Committee Note to Federal Rule of Bankruptcy Procedure 1014, which clearly favors the majority interpretation. Indeed, the same judge who decided *In re Boeckman* in 1985 later decided *In re Pick*, 95 B.R. 712 (Bankr. D.S.D. 1989) (adopting the majority interpretation), and cited the 1987 note in support. *Id.* at 715.

§ 151 (2006), this includes Title 11 cases.**2** Therefore, under § 1406, if a case is brought in an improper venue and an interested party**3** timely objects, a district court has only two options: (1) dismiss the case, or (2) transfer the case to a jurisdiction of proper venue, if it be in the interest of justice.

The debtors, however, argue that § 1406 is inapplicable to bankruptcy cases because another, more specific provision applies—§ 1412, which is headed "Change of venue"and reads: "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412 (2006). The debtors argue that the use of the term "may" implies that the court is not *required* to transfer a case, but may also retain it. *See In re Jordan*, 313 B.R. at 256 (quoting *In re Lazaro*, 128 B.R. at 168, 172-74, which in turn quotes *In re Boeckman*, 54 B.R. at 111: "[T]he permissive language used in Section 1412 . . . merely says that a district court 'may' transfer a case to another district; it does not say it must transfer the case . . . ."). While at first glance this might appear to be a plausible interpretation, it erroneously assumes that § 1412 applies to both properly and *improperly* venued cases. If this assumption were accurate, and the debtors' interpretation adopted, it would render § 1408 a nullity, or at least significantly diminish its importance. Under such an interpretation, parties would be free to disregard the venue strictures of § 1408 and file their Title 11 cases in any court in the country, so long as the bankruptcy judge thought the choice of venue just or convenient—factors nowhere mentioned in § 1408. Because courts must "give effect, if possible, to every clause and word of a statute rather than . . . emasculate an entire section," *Bennett v. Spear*, 520 U.S. 154, 173 (1997) (internal quotation omitted), the better interpretation is that § 1412 applies only to bankruptcy cases that are properly venued in the first instance; § 1406 applies to improperly venued cases. This makes sense given that § 1406 governs "[c]ure or waiver of [venue] defects," whereas § 1412 merely governs "[c]hange of venue." Thus, § 1412 is  no "more specific" in application to this case than is § 1406.

Federal Rule of Bankruptcy Procedure 1014, though not carrying the weight of a statute, also supports this interpretation. The rule implements the provisions of both § 1406 and § 1412 under the heading "Dismissal and Change of Venue," and divides cases into two groups:

(1) Cases filed in proper district

If a petition is filed in a proper district, on timely motion of a party in interest, and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be transferred to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

(2) Cases filed in improper district

---

**2**The debtors attempt to parse the word "case" to show that a bankruptcy "case" is not the same thing as a district court "case" as that term is used in § 1406, and thus § 1406 does not apply. Appellants' Br. at 16-17; *see also In re Jordan*, 313 B.R. at 249-50, 255 (making a similar argument and concluding that the "provisions of . . . § 1406 that are applicable in the United States district court do *not* apply to bankruptcy 'cases' under the Bankruptcy Code"). While we recognize that there are differences between bankruptcy cases and civil cases more generally, this alone is hardly a compelling reason to conclude that the word "case" in § 1406 has a different meaning from the word "case" used just two sections later in § 1408 ("[A] case under title 11 may be commenced in the district court . . . ."). Rather, we conclude that bankruptcy cases, like other cases, are encompassed by the plain language of § 1406.

**3**The United States Trustee is an interested party by statute. *See* 11 U.S.C. § 307 (2006) ("The United States Trustee may raise and may appear and be heard on any issue in any case or proceeding under this title . . . ."); *see also In re Miles*, 330 B.R. 848, 849-51 (Bankr. M.D. Ga. 2004) (holding that the Trustee has standing to bring a motion to dismiss or transfer a Title 11 case due to improper venue).

> If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

Fed. R. Bankr. P. 1014(a).  Thus, part (a)(1) of the rule provides that if a case is properly venued, it may be transferred (in accord with § 1412).  Part (a)(2) states that if, on the other hand, the case is improperly venued, it may be dismissed or transferred (in accord with § 1406).  As in § 1412, the use of seemingly permissive language ("*may* be transferred," rather than "*must* be transferred") could be interpreted as granting the court authority to also *retain* the case.  It could, that is, if such an interpretation were not explicitly foreclosed by the rule's accompanying advisory note:

> Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. § 1412, which supersedes 28 U.S.C. § 1477, authorizes only the transfer of a case. The rule is amended to delete the reference to retention of a case commenced in the improper district. Dismissal of a case commenced in the improper district as authorized by 28 U.S.C. § 1406 has been added to the rule.

Fed. R. Bankr. P. 1014 advisory committee's note.  The advisory note makes clear that, since the repeal of 28 U.S.C. § 1477,[4] which explicitly permitted retention of an improperly venued case, there is no longer any authority for such retention, and only dismissal or transfer of the case is authorized.  While we acknowledge that this note (and, indeed, the entire rule) must give way to conflicting statutory authority under some circumstances, *see* 28 U.S.C. § 2075 (2006) (stating that the "rules shall not abridge, enlarge, or modify any substantive right"), there is no conflict between the rule and any applicable statute on the specific question at issue in this case—whether a bankruptcy court has authority to retain an improperly venued case over the timely objection of an interested party.  Both Rule 1014(a)(2) and § 1406 answer that question in the negative.

To be sure, as the district court recognized, there is some conflict between Rule 1014(a)(2) and § 1406 vis-à-vis the *transfer* of an improperly venued case.  *See In re MacDonald*, 356 B.R. at 427-28.  Specifically, the statute permits transfer only to a district where venue would have been proper in the first instance, and only in the interest of justice.  In contrast, Rule 1014(a)(2) appears to permit transfer to "any other district," whether the case could have been brought there originally or not, and includes the "convenience of the parties" as an additional consideration.  *Compare* 28 U.S.C. § 1406 *with* Fed. R. Bankr. P. 1014(a)(2).  Although resolving these apparent discrepancies is not strictly necessary to render a decision in the case before us, in the interest of providing guidance to the lower courts in future bankruptcy cases, we note that the statute trumps the rule.  *See* Fed. R. Bankr. P. 9030 ("These rules shall not be construed to extend or limit the jurisdiction of the courts or the venue of any matters therein.").   Thus, where a bankruptcy case is brought in an improper venue, and an interested party timely objects, the court must either dismiss it or transfer

---

[4]28 U.S.C. § 1477 formerly governed venue in bankruptcy cases.  It clearly authorized bankruptcy courts to retain improperly venued case in the interest of justice or for the convenience of the parties. *See* 28 U.S.C. § 1477 (1982) (repealed).  Unfortunately for the debtors, it was repealed as part of the Bankruptcy Amendments and Federal Judgeship Act of 1984, which restructured the bankruptcy courts following the Supreme Court's decision in *Northern Pipeline Const. Co. v. Marathon Pipeline Co.*, 458 U.S. 50 (1982) (holding that the bankruptcy courts constituted an impermissible delegation of Article III judicial powers to non-Article III courts).  It is unclear precisely why § 1477 was repealed. *Compare In re Jordan*, 313 B.R. at 253 n.11, 255 (noting that the legislative history is "sparse" but suggesting that the repeal may have been a drafting oversight caused by Congress's rush to resolve the jurisdictional problems caused by *Northern Pipeline*) *with In re MacDonald*, 356 B.R. at 425 (adopting "a presumption of fundamental legislative competence on the part of Congress" and concluding that the repeal was purposeful).  Whatever the reason for its repeal, however, the simple fact is that § 1477 no longer exists, and we cannot pretend otherwise.

it to a jurisdiction of proper venue in accordance with § 1406, notwithstanding any differing language in Rule 1014(a)(2). Note, however, that no such conflict arises with regard to cases that are *properly* venued in the first instance. *Compare* 28 U.S.C. § 1412 *with* Fed. R. Bankr. P. 1014(a)(1) (both authorizing transfer to another district, without limitation, in the interest of justice or for the convenience of the parties). Thus, a case that is properly venued in the first instance could be transferred to another district (even one where the case could not originally have been brought) in accordance with § 1412 and Rule 1014(a)(1).

Those courts adhering to the minority view take issue with this interpretation because of the seeming illogic of this rule—that a case that is filed in an improper venue must be dismissed or transferred to a proper venue, but one that is first filed in a proper venue can be transferred to a district where venue is improper. *See, e.g.*, *In re Lazaro*, 128 B.R. at 172 ("It is an odd construction indeed to maintain that New Mexico would be free to transfer this case to the Western District of Texas . . . , but that the Western District of Texas is not free to retain the self-same case."). We, however, are inclined to agree that "[t]he statutory scheme . . . merely recognizes that it is the role of the 'home' court to make [the] determination [whether to transfer a case to another district]." *In re Petrie*, 142 B.R. at 407. Whether this framework is the best way to manage venue in bankruptcy cases is not for us to decide; it is enough that the textual authority inescapably leads to our conclusion. Thus, we agree "that fixing any perceived problem is a job for Congress and not the courts." *Swinney*, 309 B.R. at 641.

B

Those courts adhering to the majority view, including the district court here, have found interpretive guidance in *Connecticut National Bank v. Germain*, 503 U.S. 249 (1992), in which the Supreme Court faced a similar problem of statutory construction. *See, e.g.*, *In re MacDonald*, 356 B.R. at 426-27; *In re Sorrells*, 218 B.R. at 586-87; *U.S. Trustee v. Swinney* (*In re Swinney*), 300 B.R. 388, 392 (Bankr. M.D. Ga. 2003). We, too, find the case instructive.

In *Connecticut National Bank*, also a bankruptcy case, the Court examined two allegedly contradictory statutory provisions that governed interlocutory appeals. 503 U.S. at 250-51. One provision was generally applicable to all cases (rather than specific to only bankruptcy cases) but directly answered the disputed question (analogous to § 1406 here). *Id.* at 251. The other provision was specific to bankruptcy cases but was textually silent on the disputed question, although the legislative history purportedly supported the view that the bankruptcy-specific statute superseded the more general statute (analogous to § 1412 here). *Id.* at 253. The Court began with the presumption that "a legislature says in a statute what it means and means in a statute what it says," *id.* at 253-54, and observed that "so long as there is no positive repugnancy between two laws, . . . a court must give effect to both." *Id.* at 253. The Court held that, even though the two sections overlapped to some extent, there was no "positive repugnancy" between them because each applied to some cases that the other did not. *Id.* Thus, the plain language of the more general statute governed the case, and the Court refused to even consider the legislative history: "When the words of a statute are unambiguous . . . judicial inquiry is complete." *Id.* at 254.

*Connecticut National Bank* is analogous to the case before us. Even more so than the statutes at issue in that case, there is no "positive repugnancy" between §§ 1406 and 1412—the former applies only to improperly venued cases, and the latter applies only to properly venued ones.[5] Those

_____

[5] Indeed, the cases are similar enough that one could substitute "§ 1406" and "§ 1412" for the two provisions at issue in *Connecticut National Bank*:

[J]udicial inquiry into the applicability of § [1406] begins and ends with what § [1406] does say and with what § [1412] does not. . . . [N]owhere else, whether in [§ 1412] or any other statute, has

courts that have examined *Connecticut National Bank* agree that its interpretive methodology supports the Trustee's view. *See In re Swinney*, 300 B.R. at 392 ("As in *Connecticut National Bank*, there is one bankruptcy specific code section that is silent [§ 1412] and one section, while not bankruptcy specific, that addresses the issue before the Court [§ 1406]. Therefore, 28 U.S.C. § 1406 applies . . . ."); *Sorrells*, 218 B.R. at 587 ("Since there is no bankruptcy-specific statute applicable to improperly venued cases, section 1406(a) must apply in bankruptcy . . . ."). It does not appear that any of those courts endorsing the opposing view have attempted to grapple with *Connecticut National Bank*. *See In re Swinney*, 300 B.R. at 392 (noting that only one case favoring the debtors' interpretation has been decided post-*Connecticut National Bank* and that that case did not address the Court's analysis).[6]

In sum, textual analysis—especially in light of *Connecticut National Bank*—simply does not support the debtors' interpretation.

C

Because we find that the plain text of § 1406 governs this case, it is not necessary—indeed, it would be inappropriate—to explore the legislative history surrounding the repeal of former § 1477. *See Conn. Nat. Bank,* 503 U.S. at 254. Suffice it to say, the legislative history (as is so often the case) is hardly definitive one way or the other. *Compare In re Jordan*, 313 B.R. at 257 (concluding that the legislative history supports the view that Congress did not intend to change bankruptcy venue by repealing § 1477) *with In re MacDonald*, 356 B.R. at 425 (concluding that the "statutory history simply does not support the proposition that Congress intended to maintain the status quo"). Similarly, the equitable considerations cited by the debtors and those courts adhering to their viewpoint cannot trump the plain meaning of the statutory authority, even if the consequences of requiring a debtor to file his case in a proper venue were as dire as the debtors make them out to be. *See Reno v. Bossier Parish Sch. Bd.*, 520 U.S. 471, 485 (1997) ("[I]t is well established that courts of equity can no more disregard statutory and constitutional requirements and provisions than can courts of law.") (internal quotation omitted).

III

For the reasons set forth above, we hold that (1) the venue requirements of 28 U.S.C. § 1408 are mandatory, not optional; (2) 28 U.S.C. § 1412 applies only to bankruptcy cases filed in a proper venue; (3) 28 U.S.C. § 1406 applies to cases, including bankruptcy cases, filed in an improper venue; and (4) Federal Rule of Bankruptcy Procedure 1014(a)(2) must be interpreted as authorizing the transfer of an improperly venued case only to a district in which the case could have originally been brought, and only in the interest of justice, in accordance with the plain language of § 1406. *See In re MacDonald*, 356 B.R. at 428. The decision of the district court is therefore AFFIRMED.

---

Congress indicated that the unadorned words of [§ 1406] are in some way limited by implication. "It would be dangerous in the extreme to infer . . . that a case for which the words of an instrument expressly provide, shall be exempted from its operation." *Sturges v. Crowninshield*, 4 Wheat. 122, 202, 4 L. Ed. 529 (1819) . . . .

503 U.S. at 254.

[6] The debtors address the case only on the penultimate page of their reply brief, where they appear to argue that the "positive repugnancy" spoken of in *Connecticut National Bank* in fact exists in this case. Appellants' Reply Br. at 24. As explained *supra*, however, § 1406 and § 1412 each apply to cases that the other does not, and therefore there is no repugnancy between them, as the Court defined the term.