**In re CAPITAL HOTEL GROUP, INC., Debtor.**

Bankruptcy No. 97–40353–172.

United States Bankruptcy Court, E.D. Missouri, Eastern Division.

Feb. 19, 1997.

Leslie A. Davis, Davis, Davis, Kasnetz & Greenberg, L.C., Clayton, MO, for Debtor in Possession.

David A. Lander, St. Louis, MO, for Holiday Inns Franchising, Inc.

Eddie M. Anderson, Norris, Koberlein & Anderson, P.A., Lake City, FL, for Inn of Lake City, Inc. and Doux Chene.

### ORDER

JAMES J. BARTA, Chief Judge.

The hearing on the motion filed on behalf of Holiday Inns Franchising, Inc. ("Movant") for change of venue (Motion 7) was called on February 13, 1997. Counsel for the Debtor In Possession, Capital Hotel Group, Inc. ("Debtor"); Counsel for the Movant; and Counsel for the Jones Family, the holder of a secured claim ("Jones Family") appeared and presented oral argument on the record. On consideration of the record as a whole, the Court announced its determinations and orders from the bench.

Neither Party has challenged the Bankruptcy Court's jurisdiction to hear and determine this matter. The question is limited to issues related to venue.

This is a core proceeding pursuant to Section 157(b)(2)(A) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri. This Order is a final Order of the Bankruptcy Court in this matter.

The Debtor filed a voluntary petition for relief under Chapter 11 on January 15, 1997.

The Petition did not include an assertion that venue was proper in the Eastern District of Missouri. The Debtor had not placed a mark in either box under the heading "VENUE" on the Petition form.

On the Petition, the Debtor listed its County of Residence/Business as Leon County, Tallahassee, Florida.

On its Petition, the Debtor described its business as "Own and Manage Hotels". On the exhibits to the Petition, the Debtor listed the amount of its fixed, liquidated secured debt as $4,890,127.47. Notwithstanding 11 U.S.C. § 101(51C)[1], the Debtor indicated on its Petition that it is, and elects to be considered a small business under 11 U.S.C. § 1121(e).

The record has not shown that the Debtor was incorporated in the State of Missouri, or that the Debtor's domicile is within the Eastern District of Missouri.

1. Section 101(51C) states:
"small business" means a person engaged in commercial or business activities (but does not include a person whose primary activity is the business of owning or operating real property and activities incidental thereto) whose aggregate noncontingent liquidated secured and unsecured debts as of the date of the petition do not exceed $2,000,000.

The Debtor's primary assets are two separate Holiday Inn Motels that are located within the Northern District of Florida. The Debtor owns both properties and operates the businesses through a management team. The Debtor has indicated through its Counsel that its objective is to sell the properties through the Bankruptcy case. Although the Debtor may own assets other than the Motels, it has not been alleged that any of the Debtor's assets are within the Eastern District of Missouri.

The matrix filed by the Debtor lists the address of its president as within the Northern District of Florida.

More than one-half of the secured debt owed by the Debtor is held by the Jones Family whose members are located within the Eastern District of Missouri. Primary Counsel for the Jones Family, and the Debtor's Bankruptcy Counsel are located within the Eastern District of Missouri. The record has not shown that the Debtor has any other contacts with the Eastern District of Missouri.

The Debtor has not alleged that it has been domiciled, or had a residence or principal place of business in the Eastern District of Missouri during the 180 days preceding the commencement of this case, or any portion thereof. The Debtor's principal assets are not located in this District, and there is no bankruptcy case concerning Debtor's affiliate, general partner, or partnership pending in this District. *See* 28 U.S.C. § 1408. Therefore, the Court finds and concludes that the Eastern District of Missouri is not the proper venue for this case under Title 11.

Neither the Movant nor Inn of Lake City, Inc. and Doux Chene, secured creditors who have joined in the motion to transfer this case, has requested that the Court dismiss the case if venue is determined to be improper. Each of these entities has requested that the case be transferred to the Northern District of Florida.

■ The Debtor and the Jones Family have argued that, if venue is improper, the Court should retain the case for the convenience of the parties and in the interests of justice.

Several courts have concluded that the only remedies available to a Bankruptcy Court upon a determination of improper venue are dismissal, or transfer of the case, and that there is no discretion to retain a case if a challenge to venue is sustained. *See In re Peachtree Lane Associates, Ltd.*, 188 B.R. 815, 831 (N.D.Ill.1995); and *In re Great Lakes Hotel Associates*, 154 B.R. 667, 671 (E.D.VA 1992).

Mandatory dismissal of a Bankruptcy case solely for the reason that venue is improper can be a harsh, and occasionally punitive remedy. *See In re Hall, Bayoutree Associates, Ltd.*, 939 F.2d 802, 806 (9th Cir.1991). The recovery of preferential transfers may be lost, and assets may be removed by foreclosure or voluntary transfers by a debtor. *See 1 Collier on Bankruptcy,* ¶ 4.04[5][a] (Matthew Bender 15th Ed.Revised 1996). If the only remedies available are dismissal or transfer, and the Bankruptcy Court does not enjoy the discretion to retain a case when venue is improper, the Court may be required to dismiss a case in those situations where the record has not established that transfer is authorized in the interests of justice or required for the convenience of the parties.

Without regard to whether venue is proper or improper, the language of 28 U.S.C. § 1412, authorizes the district court to transfer a case under Title 11 to another district court, in the interest of justice or for the convenience of the parties. There is no limitation in this language that the transfer be made only to a district where the action might have been brought. *In re Emerson Radio Corp.*, 52 F.3rd 50, 55 (3rd Cir.1995); *See 3 Collier on Bankruptcy,* ¶ 4.04[4][a][ii] (Matthew Bender 15th Ed.Revised 1996). If venue is improper, Section 1406(a) of Title 28, without reference to a specific Title under the United States Code, directs that the district court *shall* dismiss, or if it be in the interest of justice, transfer a case to a district or division where the case could have been brought. No similar provisions for change of venue are found in Title 11. Therefore, there is no specific language in Title 28 of the United States Code that authorizes the Bankruptcy Court to retain a

case after a motion alleging improper venue has been granted.

The Federal Rules of Bankruptcy Procedure describe a procedure for dismissal and change of venue.

[i]f a petition is filed in an improper district, on timely motion of a party in interest ...... the case may be dismissed or transferred to any other district if the court determines that transfer is in the interests of justice or for the convenience of the parties.

*Rule 1014(a)(2),* Federal Rules of Bankruptcy Procedure ("FRBP").

Therefore, there is no specific language in Title 11 or in the Bankruptcy Rules that authorizes the Bankruptcy Court to retain a case after a motion alleging improper venue has been granted.

Pursuant to Rule 1014(a)(2), transfer or dismissal of a Bankruptcy case must be based on a timely motion filed by a party in interest. If no such motion is presented, a Bankruptcy Court need take no action and may retain a case even if the venue does not appear to be properly in the District in which the case is pending. It can also be argued that to the extent that Rule 1014(a)(2) recognizes a transfer to any other district, venue need not be proper in the transferee district, and the transferee court may retain the case if no further motion is filed. Although retention by the Bankruptcy Court is not specifically authorized after it has been determined that venue is improper, neither is retention specifically prohibited by the Bankruptcy Code.

■ The Court finds and concludes that upon a determination of improper venue, a Bankruptcy Court may dismiss the case, transfer the case to any other district or, in the proper circumstances, retain the case.

In the matter being considered here, no party has asked that the case be dismissed because of improper venue. On consideration of the circumstances appearing from the record, the Court has determined that dismissal is likely to produce further litigation or result in the commencement of a second Bankruptcy case. No parties interests will be served by dismissal of this case for improper venue.

A determination that transfer is required for the convenience of the parties will require a compromise of the parties' convenience. The parties to this matter are located in at least three different federal judicial districts. No single location will be convenient for all parties.

■ A transfer in the interests of justice may include a consideration of the impact on the convenience of the parties as well as the broader concerns of equity and the administration of the Bankruptcy System. The reorganization of this Debtor will very likely include questions concerning the valuation of estate assets, almost all of which are located in the Northern District of Florida. The Debtor's business operations are centered almost exclusively within the Northern District of Florida. There is little else in this record to justify transferring the case to any other District. Therefore, the Court finds and concludes that transfer to the Northern District of Florida is required in the interests of justice as well as being the venue that is the most convenient for the most parties.

Retention of the case in the Eastern District of Missouri may be more convenient for the major secured creditors and the Debtor's Bankruptcy Counsel. Nonetheless, that determination is overwhelmed by the determinations that transfer can be accomplished to a district where venue is proper; and that transfer is in the interests of justice, and is necessary for the convenience of the parties.

**IT IS ORDERED** that this matter is concluded; and that the motion of Holiday Inns Franchising, Inc. and other entities for a change of venue is granted; and

That this Chapter 11 case is transferred to the United States Bankruptcy Court for the Northern District of Florida for all other and further proceedings; and that the hearing on the motion of Holiday Inns Franchising, Inc., for relief from the stay (Motion 9) is *removed from the docket of February 24, 1997* on the calendar of the Bankruptcy Court for the Eastern District of Missouri, to be reset by the Court in the Northern District of Florida; and that the automatic stay shall contin-

ue to operate until further order of the Court; and

That the motions of the Debtor and of the Jones Family to retain this case in the Eastern District of Missouri are denied; and that all other requests for relief are denied.