In re Wayne A. SWINNEY, Phoebe G. Swinney, Debtors.

United States Trustee, Movant,

v.

Wayne A. Swinney, Phoebe G. Swinney, Respondents.

No. 03–41707.

United States Bankruptcy Court, M.D. Georgia, Columbus Division.

Oct. 14, 2003.

Fife M. Whiteside, Columbus, GA, for Debtors.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On September 18, 2003, the Court held a hearing on the Motion of the United States Trustee ("Movant") to Dismiss Case or to Transfer Venue. At the hearing the following issues were raised: 1) Whether the Court has discretion to retain a case filed in the wrong venue; 2) If the Court has such discretion, in light of the equities of the case, whether the Court should retain, dismiss, or transfer the case. At the conclusion of the hearing, the Court took the matter under advisement. The Court has considered the evidence, the parties' briefs and stipulations, as well as applicable statutory and case law. Under relevant United States Code ("U.S.Code") sections and the United States Supreme Court decision in *Connecticut National Bank v. Germain,* 503 U.S. 249, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992), the Court finds it does not have discretion to retain the case. *Connecticut National Bank,* 503 U.S. at 253–254, 112 S.Ct. 1146. Therefore, the Court must dismiss the case or transfer the case to a district where venue is proper. For the reasons set forth below, the Court will order the transfer of the case to the United States Bankruptcy Court for the Middle District of Alabama.

## BACKGROUND

The facts are undisputed. On July 10, 2003, Wayne A. and Phoebe G. Swinney ("Respondents") filed a joint petition under Chapter 7 of the United States Bankruptcy Code ("Bankr.Code") using an attorney whose office is in Columbus, Georgia. On the petition, Respondents list their address as 3911 26th Avenue, Phenix City, Russell County, Alabama, which is purported to be within five miles of the courthouse in Columbus, Georgia. Respondents concede that their home address lies in the Middle District of Alabama. If the case were administered out of the Middle District of Alabama, Respondents would have to travel to Opelika, Alabama, about 30 to 35 miles from their home, to attend court hearings. Respondents stated in their petition that venue was improper in the Middle District of Georgia but chose to file in this district for the convenience of the parties. Respondents concede that venue is improper in the Middle District of Georgia, based on 28 U.S.C. § 1408. On July 18, 2003, Movant filed this Motion to Dismiss Case or to Transfer Venue.

Movant contends, under statutory and case law, the Court does not have discretion to retain the case. Even if the Court decides it has discretion, Movant argues the equities of the case do not favor retention. Respondents, on the other hand, contend the Court does have discretion to retain the case. Respondents urge the Court to do so because the equities of the case dictate that retention is the best option.

In 1996, the Court addressed this issue in an unreported decision. *See Wilson Fine Furniture, Inc. v. Lyda (In re Lyda)*, No. 95–41847 (Bankr.M.D.Ga. Feb. 15, 1996) (J. Laney). Citing the Court's discretion to retain the case, the Court denied a creditor's request to transfer the case to the Northern District of Georgia. *See id.* The Court will now reconsider its position in light of new case law, which developed after *Lyda*, brought to the Court's attention by Movant.

### CONCLUSIONS OF LAW

■ As an initial matter, the Motion to Dismiss Case or to Transfer Venue must be timely filed. *See* Fed. R. Bankr.P. 1014(a)(2). If not, arguments regarding improper venue are waived. *See Hoffman v. Blaski*, 363 U.S. 335, 343, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960). Since the motion was filed less than 10 days after the petition was filed, the motion is timely.

■ The parties agree the Court's decision hinges on whether the Court has discretion to retain the case. The parties disagree about which sections of the U.S.Code regarding venue are applicable in bankruptcy court. The following U.S.Code sections are relevant to this discussion:

**28 U.S.C. § 1406. Cure or waiver of defects**

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

**28 U.S.C. § 1408. Venue of cases under title 11**

Except as provided in section 1410 of this title, a case under title 11 may be commenced in the district court for the district—

(1) in which the domicile, residence, principal place of business in the United States, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or

(2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

**28 U.S.C. § 1412. Change of venue**

A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties.

28 U.S.C. §§ 1406, 1408, 1412 (1993 & Supp.2003).

**28 U.S.C. § 1475. Change of venue (repealed)**

A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

**28 U.S.C. § 1477. Cure or waiver of defects (repealed)**

(a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong ... district may, in the interest of justice and for the convenience of the parties, retain such case or proceeding, or may transfer, under Section 1475 of this title, such case or proceeding to any other district....

28 U.S.C. §§ 1475, 1477 (repealed 1984). The following FEDERAL RULE OF BANKRUPTCY PROCEDURE ("FED. R. BANKR.P.") and Advisory Committee Note are also relevant to this discussion:

**Rule 1014. Dismissal and Change of Venue.**

(a) Dismissal and Transfer of Cases

(1) Cases Filed in Proper District....

(2) Cases Filed in Improper District.

If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district if the court determines that transfer is in the interest of justice or for the convenience of the parties.

**Advisory Committee Note (1987) to FED. R. BANKR. P. 1014**

Both paragraphs 1 and 2 of subdivision (a) are amended to conform to the standard for transfer in 28 U.S.C. § 1412. Formerly, 28 U.S.C. § 1477 authorized a court either to transfer or retain a case which had been commenced in a district where venue was improper. However, 28 U.S.C. § 1412, which supersedes 28 U.S.C. § 1477, authorizes only transfer of a case. The rule is amended to delete the reference to retention of a case commenced in the improper district. Dismissal of a case commenced in the improper district as authorized by 28 U.S.C. § 1406 has been added to the rule. If a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived.

WILLIAM L. NORTON, JR., NORTON BANKRUPTCY RULES PAMPHLET, § FED. R. BANKR. P., at 44, 46 (2002–2003 ed.).

Clearly, 28 U.S.C. § 1406 dictates that a district court has no discretion to retain an improperly venued case. 28 U.S.C. § 1406 (1993 & Supp.2003). However, Respondents argue 28 U.S.C. § 1406 is applicable only to district courts, not bankruptcy courts. (Id.). Instead, Respondents urge that 28 U.S.C. § 1412, while silent on the issue of incorrectly venued cases, is the appropriate code section for bankruptcy courts. 28 U.S.C. § 1412 (1993 & Supp. 2003). Further, Respondents ask the Court to disregard the Advisory Committee Note to FED. R. BANKR. P. 1014 because a rule should be interpreted first on its face. NORTON, *supra* § FED. R. BANKR. P. at 46. Only if an ambiguity exists, should a court look to advisory notes. Respondents contend the Court needs only to look at the words of 28 U.S.C. § 1412 and FED. R. BANKR. P. 1014(a)(2) to determine the Court has discretion to retain Respondents' case. 28 U.S.C. § 1412 (1993 & Supp.2003); FED. R. BANKR. P. 1014(a)(2).

Movant argues 28 U.S.C. § 1406 is applicable to this Court based on the decision in *United States Trustee v. Sorrells*, 218 B.R. 580 (10th Cir. BAP 1998). 28 U.S.C. § 1406 (1993 & Supp.2003); *Sorrells*, 218 B.R. at 585–590. Movant urges that this Court has no discretion to retain the case. If the Court decides it has discretion, Movant argues equity does not require retention.

It should be noted Congress changed the bankruptcy venue statutes in 1984. *See Sorrells*, 218 B.R. at 586. Prior to the 1984 amendments there was a bankruptcy

venue statute which addressed the options for a bankruptcy court when a case was filed in the incorrect venue. *See id.* This code section, 28 U.S.C. § 1477, specifically allowed for retention of such cases by bankruptcy courts. 28 U.S.C. § 1477 (repealed 1984); *see also Sorrells,* 218 B.R. at 586. However, 28 U.S.C. § 1477, along with 28 U.S.C. § 1475, was repealed. 28 U.S.C. §§ 1475, 1477 (repealed 1984); *see also Sorrells,* 218 B.R. at 586. Another code section, 28 U.S.C. § 1412, was enacted and it does not specifically allow for retention of wrongly venued cases. 28 U.S.C. § 1412 (1993 & Supp.2003); *see also Sorrells,* 218 B.R. at 586–587.

There are cases which support Respondents' position. *See In re Capital Hotel Group, Inc.,* 206 B.R. 190 (Bankr.E.D.Mo.1997); *In re Lazaro,* 128 B.R. 168 (Bankr. W.D.Tex.1991); *In re Leonard,* 55 B.R. 106 (Bankr.D.C.1985); *In re Boeckman,* 54 B.R. 110 (Bankr.D.S.D.1985). However, *Capital Hotel* is the only such case decided after *Connecticut National Bank,* the Supreme Court case heavily relied up by the court in *Sorrells. Connecticut National Bank,* 503 U.S. at 249, 112 S.Ct. 1146; *Sorrells,* 218 B.R. at 586–587; *Capital Hotel,* 206 B.R. at 190. The court in *Capital Hotel* did not address the Supreme Court's analysis in *Connecticut National Bank. Connecticut National Bank,* 503 U.S. at 253, 112 S.Ct. 1146; *Capital Hotel,* 206 B.R. at 192–193.

In *Connecticut National Bank,* the Supreme Court was dealing with two different statutes regarding appellate jurisdiction for courts of appeals. *Connecticut National Bank,* 503 U.S. at 251–252, 112 S.Ct. 1146; *see also* 28 U.S.C. §§ 158, 1292 (1993 & Supp.2003). Under 28 U.S.C. § 158, a bankruptcy specific statute, subsection (a) gives district courts the jurisdiction to hear appeals from final and interlocutory orders originating from bankruptcy courts. 28 U.S.C. §§ 158 (1993 & Supp.2003); *see also Connecticut National Bank,* 503 U.S. at 252, 112 S.Ct. 1146. Subsection (d) of 28 U.S.C. § 158 gives courts of appeals jurisdiction to hear appeals from final orders entered under subsection (a). *Id.* This section is silent as to appeals from interlocutory orders. *Id.* Both parties conceded that 28 U.S.C. § 158 did not grant courts of appeals jurisdiction to hear appeals from interlocutory orders. *Id.*

The Supreme Court held that 28 U.S.C. § 1292, which is not bankruptcy specific, gives courts of appeals jurisdiction to hear appeals from interlocutory orders originating from bankruptcy courts. *See Connecticut National Bank,* 503 U.S. at 253, 112 S.Ct. 1146 (referring first to 28 U.S.C. § 1291, then applying the same reasoning to 28 U.S.C. § 1292); *see also* 28 U.S.C. § 1292 (1993 & Supp.2003). The Supreme Court stated "...the statutes do not pose an either-or proposition." *Connecticut National Bank,* 503 U.S. at 253, 112 S.Ct. 1146. The Supreme Court came to the conclusion that the statute sections did not overlap "but each section confers jurisdiction over cases that the other section does not reach." *Id.*

■ The Court is persuaded that *Connecticut National Bank* is binding on the matter before the Court. *Id.* at 253–254, 112 S.Ct. 1146. As in *Connecticut National Bank,* there is one bankruptcy specific code section that is silent and one section, while not bankruptcy specific, that addresses the issue before the Court. *Id.* at 252–253, 112 S.Ct. 1146. Therefore, 28 U.S.C. § 1406 applies to cases that are not addressed in 28 U.S.C. § 1412, namely cases filed in the wrong venue. 28 U.S.C. §§ 1406, 1412 (1993 & Supp.2003). Under 28 U.S.C. § 1406, the Court has no discretion to retain cases filed in the wrong venue. 28 U.S.C. § 1406 (1993 & Supp.

2003). The Court holds that it may only dismiss or, if in the interests of justice, transfer the case to a district in which it could have been brought. *See id.*

■ It is in the interests of justice to transfer the case to the United States Bankruptcy Court in the Middle District of Alabama, rather than dismiss the case. This reasoning is based on: 1) transfer saves Respondents the time and money of preparing and filing a new petition, statement of affairs, and schedules in the Middle District of Alabama; 2) transfer preserves any preferences or causes of action that a case trustee might lose if the case is dismissed and Respondents have to re-file.

■ Even if the Court were to have found that it had discretion to retain the case, the Court would have transferred the case to the United States Bankruptcy Court in the Middle District of Alabama given the equities involved. Respondents live in Alabama, their assets are in Alabama, and all of their creditors are either national or are located in Alabama. Therefore, other than the convenience of Respondents and their attorney, no interests would be served by keeping the case in Georgia. Further, Opelika is approximately 35 miles from Phenix City. This distance is not so far as to create an undue burden on Respondents.

For the reasons stated above, the Court will grant Movant's Motion to Transfer Venue. An order in accordance with this Memorandum Opinion will be entered.